Weiss & Hiller, PC
Attorneys for the Defendants
600 Madison Avenue
New York, New York 10022
Telephone:   (212) 319-4000
Facsimile:    (212) 753-4530
Email:          aweiss@weisshiller.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| | | |
|---|---|---|
| BENNY ORTIZ, | : | Case No. 06 Civ. 6905 (CLB) (MDF) |
| Plaintiff, | : | |
| | | **DEFENDANT BARRY K.** |
| against- | : | **SCHWARTZ'S RULE 56.1 STATEMENT ON MOTION** |
| BARRY K. SCHWARTZ and SHERYL SCHWARTZ, d/b/a STONEWALL FARM, | : | **FOR SUMMARY JUDGMENT ON COUNTERCLAIMS** |
| | : | |
| Defendants. | | |
| | : | |

-------------------------------------------------------------x

Defendant and Counterclaimant Barry K. Schwartz ("Barry"), by undersigned counsel and pursuant to Fed.R.Civ.P. Rule 56, hereby submits the following statement of undisputed material facts in support of his motion for summary judgment on counterclaims and states as follows:

### FIRST COUNTERCLAIM

1. Counterclaimant, Barry K. Schwartz ("Barry"), is, and at all times hereinafter mentioned was, a resident of the County of Westchester, State of New York.

2. Barry is, and at all times mentioned in the complaint was, an owner of Stonewall Farm ("SF"), located in Westchester County, New York.

3. Plaintiff Benny Ortiz ("Ortiz") is, and at all times hereinafter mentioned was, a resident of the County of Saratoga, State of New York.

4.   At all times mentioned in the complaint, SF was engaged primarily in the business of horse breeding and racing.

5.   In or around September 2004, Barry engaged Ortiz as an employee of SF.

6.   Ortiz's employment at SF continued until in or around July 2006.

7.   During his employment at SF Ortiz served as a driver and as head of security.

8.   Shortly before he was engaged by Barry at SF, and on two occasions during his employment at SF, Ortiz asked Barry to lend him sums of money.

9.   On the first occasion, shortly before he commenced employment at SF, Ortiz requested a loan from Barry in the sum of $2,500 that he would assist him to travel from his home to SF.

10.  On the second occasion, in or about December 2004, Ortiz requested a loan from Barry in the sum of $30,000 in order to ease his pressing financial affairs.

11.  On the third occasion, in or about May 2005, Ortiz requested a loan from Barry in the sum of $36,000 to help him pay off pressing credit card and related debts.

12.  On each of the three occasions Barry agreed to loan Ortiz the sums he requested.

13.  Barry agreed to provide Ortiz with each of these loans, inter alia, because they would enable Ortiz to perform his functions as a key employee of SF.

14.  In connection with the second and third loans, it was agreed by Barry and Ortiz that the sums of $50 and $100, respectively, would be deducted from Ortiz's weekly salary to repay same.

15.  Said sums of $50 and $100, were, in fact, deducted from Ortiz's weekly salary toward payment of the second and third loans respectively.

16. Barry would not have made the respective loans to Ortiz, but for Ortiz employment at SF.

17. In connection with the second and third loans totaling $66,000, to assist Ortiz, Barry agreed to grant Ortiz a rate of interest (3.5 percent), that was substantially less than Ortiz could have received from any banking institution.

18. It was also agreed to by Ortiz and Barry that because of the substantial principal sums being lent to Ortiz, the second and third loans would be evidenced by promissory notes executed and delivered by Ortiz to Barry.

19. On or about December 8, 2004, Barry loaned the sum of $30,000 ("Loan #1") to plaintiff Benny Ortiz ("Ortiz"). See Barry's November 9, 2006 accompanying declaration ("Barry's Declaration" ¶5 ).

20. Loan #1 is evidenced by a Demand Promissory Note dated December 7, 2004 ("Note #1; Ex. A)[1] (Barry's Declaration ¶¶3, 5)).

21. Loan #1 is also evidenced by Barry's check (Ex. E) in the sum of $30,000 that he delivered to Ortiz on or about December 8, 2004 (Barry's Declaration ¶¶3, 5).

22. On or about December 8, 2004, Ortiz executed and delivered Note #1 to Barry (Barry's Declaration ¶5).

23. Ortiz executed and delivered Note #1 to Barry in consideration of the $30,000 Loan #1 made by Barry to Ortiz on or about December 8, 2006 (Barry's Declaration ¶¶3, 5, 6).

24. Note #1 provides, among other things, for the payment of interest, from the date of Note #1, at the rate of 3.5% per annum until the principal sum becomes due (Note #1, Ex. A).

---

[1]"Ex." refers to the exhibits attached to Barry's Declaration.

25. Note #1 further provides among other things, that:

"The Payee may at any time (in Payee's absolute discretion) (i) declare the outstanding principal amount of this Promissory Note and accrued interest thereon to the date of payment and all other amounts due under this Note to be immediately due and payable, whereupon this Promissory Note and all such other amounts shall become and shall be forthwith due and payable, without diligence, presentment, demand, protest or other notice of any kind, all of which are hereby expressly waived, and (ii) exercise any and all of its other rights under applicable law and under this Promissory Note."

(Note #1, Ex. A)

26. Note #1 further provides, among other things, that:

"The Maker hereby agrees to pay on demand all costs and expenses (including without limitation, all fees, expenses and other client charges of counsel to the Payee) incurred by Payee in connection with (i) the preparation, execution, delivery, administration and amendment of this Promissory Note, and (ii) the enforcement of the Payee's rights, and the collection of all amounts due, hereunder."

(Note #1, Ex. A)

27. The only payment that Ortiz has made toward principal and/or interest upon Loan #1/Note #1 is the sum of $3,200 (Barry's Declaration ¶9).

28. Barry is the owner and holder of Note #1 (Barry's Declaration ¶4).

29. By Barry's letter dated and sent to Ortiz on October 12, 2006 (Ex. F), Barry demanded payment of the entire principal and accrued interest due on Note #1/Loan #1 (Barry's Declaration ¶10).

30. Ex. F was sent by regular mail and by overnight express mail (Barry's Declaration ¶10; Ex H).

31. Subsequent to the Demand Letter, Ortiz has failed to pay any sum representing principal or interest due on Loan #1/Note #1 (Barry's Declaration ¶¶11, 12).

32.     There is now due and owing on Note #1/Loan #1 the sum of $28,273.68, representing the balance of unpaid principal and interest to October 30, 2006 (Barry's Declaration ¶9; Ex. H).

33.     Ortiz also remains liable to Barry for interest on Note #1/Loan #1 from October 30, 2006 to the date of judgment, in a sum to be calculated by the Court (Barry's Declaration ¶13).

34.     Ortiz also remains liable to Barry for Note #1 Costs, in a sum to be determined by the Court (Barry's Declaration ¶12).

35.     On or about May 25, 2005, Barry loaned the sum of $36,000 ("Loan #2") to Ortiz ("Barry's Declaration" ¶13).

36.     Loan #2 is evidenced by a Demand Promissory Note dated May 24, 2005 ("Note #2; Ex. B) (Barry's Declaration ¶¶13, 15).

37.     Loan #2 is also evidenced by Barry's checks (Ex. I) in the sum of $36,000 that he delivered, on behalf of Ortiz on or about May 25, 2005 (Barry's Declaration ¶15).

38.     On or about May 25, 2005, Ortiz executed and delivered Note #2 to Barry (Barry's Declaration ¶13).

39.     Ortiz executed and delivered Note #2 to Barron in consideration of the $36,000 Loan #2 made by Barry to Ortiz on or about May 25, 2005 (Barry's Declaration ¶¶13, 15).

40.     Note #2 provides, among other things, for the payment of interest, from the date of Note #2, at the rate of 3.5% per annum until the principal sum becomes due (Note #2, Ex. B).

41.     Note #2 further provides among other things, that:

"The Payee may at any time (in Payee's absolute discretion) (I) declare the outstanding principal amount of this Promissory Note and accrued interest thereon to the date of payment and all other amounts due under this Note to be immediately due and payable, whereupon this Promissory Note and all such other amounts shall become and shall be forthwith due and payable, without diligence, presentment,

5

demand, protest or other notice of any kind, all of which are hereby expressly waived, and (ii) exercise any and all of its other rights under applicable law and under this Promissory Note."

(Note #2, Ex. B)

42. Note #2 further provides, among other things, that:

"The Maker hereby agrees to pay on demand all costs and expenses (including without limitation, all fees, expenses and other client charges of counsel to the Payee) incurred by Payee in connection with (I) the preparation, execution, delivery, administration and amendment of this Promissory Note, and (ii) the enforcement of the Payee's rights, and the collection of all amounts due, hereunder."

(Note #2, Ex. B)

43. The only payment that Ortiz has made toward principal and/or interest upon Loan #2/ Note #2 is the sum of $4,200 (Barry's Declaration ¶18).

44. Barry is the owner and holder of Note #2 (Barry's Declaration ¶14).

45. By Barry's letter dated and sent to Ortiz on October 12, 2006 (Ex. F), Barry demanded payment of the entire principal and accrued interest due on Note #2/Loan #2 (Barry's Declaration ¶19).

46. Subsequent to the Demand Letter, Ortiz has failed to pay any sum representing principal or interest due on Loan #2/Note #2 (Barry's Declaration ¶20).

47. There is now due and owing on Note #2/Loan #2 the sum of $33,029.04 representing the balance of unpaid principal and interest to October 30, 2006 (Barry's Declaration ¶21; Ex. H).

48. Ortiz also remains liable to Barry for interest on Note #2/Loan #2 from October 30, 2006 to the date of judgment, in a sum to be calculated by the Court (Barry's Declaration ¶21).

49. Ortiz also remains liable to Barry for Note #2 Costs, in a sum to be determined by the Court (Barry's Declaration ¶21).

50.     On or about June 18, 2004, Barry loaned the sum of $2,500 (Loan #3) to Ortiz (Barry's Declaration ¶22).

51.     Loan #3 is evidenced by Barry's check (Ex. C) in the sum of $2,500 that he delivered to Ortiz on or about June 18, 2004 (Barry's Declaration ¶23).

52.     On or about June 18, 2004, Ortiz agreed to repay Loan #3 on demand with interest thereon from the date the loan was made (Barry's Declaration ¶24).

53.     By Barry's letter dated and sent to Ortiz on October 12, 2006 (Ex. F), Barry demanded payment of the entire principal and accrued interest due on Loan #3 (Barry's Declaration ¶25).

54.     Subsequent to the Demand Letter, Ortiz has failed to pay any sum representing principal or interest due on Loan #3. (Barry's Declaration ¶26).

55.     Ortiz has failed to pay any sums representing principal or interest due under Loan #3 (Barry's Declaration ¶27).

56.     There is now due and owing on Loan #3 the sum of $3,097.89, representing the balance of unpaid principal to October 27, 2006 (Barry's Declaration ¶28, Ex. H).

57.     Ortiz also remains liable to Barry for interest on Loan #3 from October 27, 2006 to

the date of judgment, in a sum to be calculated by the Court (Barry's Declaration ¶28).

Dated:    New York, New York
          November 10, 2006

>                                          WEISS & HILLER, PC
>                                          Attorneys for Defendants
>                                          600 Madison Avenue
>                                          New York, New York 10022
>                                          (212) 319-4000
>
>                                   By:    _____
>                                          Arnold M. Weiss (AW0942)

To:   Jonathan A. Bernstein, Esq.
      Levy Davis & Maher, LLP
      Attorneys for Plaintiff
      880 Third Avenue, Ninth Floor
      New York, New York 10527
      (212) 371-0033